**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

THERESA WASHINGTON,          )
                                    )
      Plaintiff,              )
                                    )
          v.               )      C.A. No. CPU4-16-001988
                                    )
SININA TALLEY, WENDY          )
SCOTT, and DANNY WASHINGTON,  )
                                    )
      Defendants.          )
                                    )

Submitted: December 12, 2016
Decided: February 15, 2017

Theresa Washington
220 Christiana Road
New Castle, DE 19720
*Self-Represented Plaintiff*

Wendy Scott
P.O. Box 1742
Apex, NC 27502
*Self-Represented Defendant*

Sinina Talley
31 Blue Spruce Drive
Bear, DE 19701
*Self-Represented Defendant*

Danny Washington
155 West Greenwich Street
Apartment W520
Hempstead, NY 11550
*Self-Represented Defendant*

**DECISION ON MOTION FOR JUDGMENT ON THE PLEADINGS**

**SMALLS, C.J.**

This is a Motion for Judgment on the Pleadings pursuant to *Court of Common Pleas Civil Rule 12(c)*. The underlying matter is a dispute between Plaintiff Theresa Washington ("Theresa") [1] and Defendants Sinina Talley ("Sinina"), Danny Washington ("Danny"), and Wendy Scott ("Wendy") (collectively "Defendants"), where Theresa brings a claim for harassment, defamation, libel, and slander. On December 12, 2016, the instant Motion was filed by Sinina and the Court reserved decision. This is the Court's opinion and order on the Motion for Judgment on the Pleadings.

## FACTS AND PROCEDURAL HISTORY

This dispute originates with and largely involves the Trinity School of the Bible (the "School"). Theresa and the Defendants are all siblings and are also all board members and/or trustees of the School. In or around June 2014, the mother of the parties passed away. What followed was a breakdown of family relationships and a number of actions and counteractions involving the School and the parties. Due to the nature and hostility of the dispute, I will only recite the relevant facts as I find them, in order to clarify the issues raised by Motion, the pleadings, and any other legally cognizable causes of action. [2]

Three weeks after the passing of the parties' mother, Sinina sent a text message to two other members of the School's board. While Theresa did not provide the precise wording of the message, she does allege the statement indicated Theresa was going to be arrested. No other information was provided by Theresa with respect to these

[1] The Court does not intend any disrespect by the use of first names. However, because two of the parties share the same last name, it is necessary to use first names so as to avoid confusion.
[2] Because of the nature of the instant Motion, I will take all well-pled facts as true for the purposes of the Motion only. The fact that a party objects to such facts is immaterial at this time.

2

circumstances. At this time, if not earlier, Theresa began living in the School, and appears to have assumed control of its operations. It is unclear whether the School has continued to operate as a school or whether it is otherwise in use beyond Theresa's residence.

Approximately one year later, Defendants filed an action in the Justice of the Peace Court in an attempt to evict Theresa from the School. Theresa alleges Sinina made false allegations and presented false evidence in the Justice of the Peace Court proceedings. That matter was ultimately dismissed. Following dismissal, Defendants filed a new action in the Court of Chancery, where Theresa again alleges Sinina made false allegations against Theresa. That matter was dismissed without prejudice, as the Court of Chancery found the claims to be derivative of the School's board and, therefore, the School had to be represented by counsel under Delaware law.

On July 26, 2016, Theresa initiated the instant matter by filing a Complaint[3] against Defendants. The Complaint attempts to bring claims for harassment, defamation, libel, and slander. The Complaint sets forth the facts discussed *supra*, while also alleging Defendants conspired against Theresa to evict her from the School. The Complaint, along with other various filings of the parties, refers to a protracted course of litigation involving numerous courts, the filing of Protection From Abuse orders, and various offenses committed during the preceding several years.[4]

At the time the Complaint was filed, all three Defendants were not residents of the State of Delaware. Sinina and Danny resided separately in New York, while Wendy resided

---

[3] The Complaint appears to contain three separate Complaints within a single, larger framework. For the purposes of the instant Motion, the Court will treat the Complaint as a singular document with distinct allegations made against each Defendant.

[4] Because there is no distinct chronology or sufficiently pled facts to allow proper consideration, I do not find any of these allegations to be sufficiently pled to warrant consideration under the instant Motion.

in South Carolina. Service was attempted via certified mail against each of the Defendants; however, at no point did Theresa file a return of service or an affidavit of nonresidency with respect to any Defendant.

On August 22, 2016, Sinina and Danny jointly filed a Motion for Enlargement of Time, which the Court granted. Sinina and Danny were ordered to file their Answers by September 10, 2016. This date was later modified with respect to Sinina, with her Answer due on October 7, 2016. Sinina filed her Answer on October 10, 2016. Sinina's Answer includes a counterclaim against Theresa for harassment stemming from derogatory text messages Theresa allegedly sent to Sinina over the span of several years.

In late September 2016, Theresa filed a series of motions with the Court, seeking default judgment against Wendy, along with motions compelling discovery. The Court denied the motion for default judgment, because Theresa failed to perfect service against Wendy. Theresa was instructed to perfect service against Wendy by November 18, 2016. The motions to compel were granted, however, the Court modified Theresa's requests for admissions.

As of November 18, 2016, Theresa had failed to serve her Complaint upon Wendy. In a letter dated December 5, 2016, Wendy advised she received Theresa's Complaint earlier that same day. On December 20, 2016, Theresa wrote her own letter to the Court, in which she admitted to not meeting the November 18, 2016 deadline for serving her Complaint. Theresa advised she had sent the Complaint to an attorney that had represented Wendy on another matter, and had asked the attorney to forward the Complaint to Wendy. On November 28, 2016, the attorney responded to Theresa and advised her that service of

process was not effective, as the attorney lacked the authority to accept service on behalf of Wendy.

On December 12, 2016, Sinina filed the instant "request for judicial action," in which Sinina requested a "[r]eview of the pleadings, facts, issues and exhibits in this case in the hope that the judge will render a decision[.]" The Court will analyze this pleading under *Court of Common Pleas Civil Rule 12(c)*, which governs motions for Judgment on the Pleadings.

## LEGAL STANDARD

Under *Court of Common Pleas Civil Rule 12(c)*, a party may move for judgment on the pleadings "[a]fter the pleadings are closed but with such time as to not to delay the trial[.]" The standard for judgment on the pleadings is nearly the same as the standard for a motion to dismiss, as it requires the Court to accept all well-pled facts as true and to view those facts in the light most favorable to the non-moving party.[5] The purpose of the motion is to determine whether there are any material issues of fact and whether the moving party is entitled to judgment as a matter of law.[6]

## DISCUSSION

As noted above, Theresa's Complaint alleges harassment, defamation, libel, and slander. Additionally, Sinina's Counterclaim alleges a claim for harassment. I will discuss each cause of action in turn. However, the first matter before the Court is that of service of process.

### a. Service of Process Under the Long-Arm Statute

---

[5] *See Green v. PNC Financial Services Group, Inc.*, 2015 WL 1236847, at *2 (Del. Com. Pl. Mar. 18, 2015) (internal citations omitted).
[6] *See Catawba Associates-Christiana LLC v. Jayaraman*, 2016 WL 5369482, at *2 (Del. Super. Sep. 26, 2016) (internal citations omitted).

5

At the time the Complaint was filed, all three Defendants were nonresidents of the State of Delaware. Accordingly, Theresa was required to comply with Delaware's long-arm statute, as specified under *10 Del. C. § 3104* and *Court of Common Pleas Civil Rule 4*. Theresa served Danny and Wendy via certified mail, as provided under *10 Del. C. § 3104(d)*. However, *§ 3104(e)* and *Rule 4(h)* both require Theresa to file a return of service. When service is made via certified mail, the return of service must "include a receipt signed by the addressee or other evidence of personal delivery to the addressee, satisfactory to the court."[7] Furthermore, *Rule 4(h)* requires Theresa to return to the Court within ten days with proof of service and an affidavit of nonresidency.

At no point did Theresa file the requisite return of service. Theresa did not provide the Court with proof of mailing, proof of receipt, or an affidavit of nonresidence for either Danny or Wendy. Even when the Court instructed Theresa to serve Wendy a second time, Theresa failed to serve Wendy within the time required by the Court, and never filed a return of service.

Concerning Danny, the record indicates Danny filed a motion requesting an enlargement of time to file an Answer, which is sufficient to indicate he received actual notice of the Complaint. Notwithstanding, "the Court only may exercise personal jurisdiction over a defendant when service is properly effected, regardless of whether or not actual notice is achieved."[8] Unlike Sinina, who waived any argument of insufficiency of service of process by not raising it in her responsive pleading, Danny never filed a

---

[7] 10 *Del. C.* § 3104(e).
[8] *Thomas v. Nationstar Mortgage, LLC*, 2015 WL 5766775, at *2 (Del. Super. Sep. 18, 2015) (internal citations omitted).

responsive pleading with the Court, and there is no indication in the record to support that he waived service.

*Civil Rule 4(j)* provides that a plaintiff must serve a defendant with the complaint and summons within 120 days of filing the complaint. If service is not made within the time, and if the plaintiff has not received an extension or shown good cause why she failed to perfect service, the complaint will be dismissed without prejudice. In the matter before the Court, the Complaint was filed on July 26, 2016. The time for perfecting service expired on November 23, 2016. There has been no return indicating Danny was served, nor has Theresa provided the Court with any justification for her inability to perfect service or a motion to extend the time for service. Therefore, I find that service has not been perfected as to Danny and Wendy, and thus this matter is dismissed as to them.

### b. Harassment

Turning to the merits of Theresa's Complaint and Sinina's Counterclaim, the Court must determine whether both parties have pled sufficient facts to make out a *prima facie* case. On the first cause of action, that of harassment, Theresa and Sinina cannot sustain such a claim.

Delaware does not recognize a private civil cause of action for harassment.[9] Harassment is a crime under Delaware's criminal code as set forth in *11 Del. C. § 1311*. However, as the Delaware Supreme Court has held, where a statute does not expressly create or deny a private cause of action, the Court must determine whether the General Assembly

---

[9] *See McCambridge v. Bishop*, 2009 WL 3068915, at *3 (Del. Super. Sep. 23, 2009).

7

intended to create a private remedy in the statute.[10]  Here, the Court stated very clearly that no such private right exists.[11]

The harassment statute is purely penal in nature, enacted to deter conduct that might harass, annoy, or alarm an individual.  Because harassment is a general criminal statute, I find that it was not enacted to protect a designated class of individuals, but rather the public at large.  "A statute wholly penal in nature . . . will not support a civil remedy."[12]  Therefore, all the claims for harassment are dismissed.[13]

### c. Defamation, Libel, and Slander

Next, Theresa brings claims for defamation, libel, and slander.  Slander requires proof of the following elements: "(1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury."[14]  The fifth element is satisfied when the alleged defamatory statement constitutes slander *per se*: a statement (1) maligning a person in their trade, business, or profession; (2) claiming that Plaintiff committed a crime; (3) implying that one has a loathsome disease; or (4) imputing unchastity to a woman.[15]  The elements of libel are identical to the elements of slander;

---

[10] *See Doe v. Bradley*, 2011 WL 290829, at *14 (Del. Super. Jan. 21, 2011).

[11] *Brett v. Berkowitz*, 706 A.2d 509, 512 (Del. 1998).

[12] *Brett v. Berkowitz*, 1995 WL 270146, at *5 (Del. Super. Apr. 13, 1995).

[13] It should be noted that the Court has not found and the parties have not cited to any rules or decisional law in support of their position that there is a private cause of action for harassment.

[14] *Better v. Mitchell*, 2004 WL 3312524, at *5 (Del. Com. Pl. Oct. 5, 2004).

[15] *Id.*

however, unlike slander, libel does not require proof of special damages.[16]  The statute of limitations for defamation is two years.[17]

Turning to the matter before the Court, the only defamatory statement alleged in the Complaint is alleged to have occurred in June or early July 2014.[18]  Even if I were to find the allegations meet the pleading standards, the claim is barred by the statute of limitations.  The statement was allegedly uttered no later than the second week of July 2014, and the Complaint was filed on July 26, 2016.  More than two years elapsed between the alleged statements and the filing of the Complaint, and as such the claim is time barred.

The Complaint also alleges general allegations of false statements made in connection with various court proceedings.  In Delaware there is absolute privilege protecting statements made in the course of judicial proceedings, and as such, these statements are not subject to defamation claims.[19]  "The privilege extends to all communications relating to the litigation.  This includes statements made maliciously or with knowledge of their falsity."[20]  Theresa's claims involving statements made pursuant to litigation, to the extent they could even survive the pleading requirements, must necessarily fail under the absolute privilege protecting such statements.  Therefore, all such claims are dismissed.

---

[16] *See Essounga v. Delaware State University*, 2016 WL 1613206, at *3 (Del. Super. Apr. 18, 2016).
[17] *Naples v. New Castle County*, 2015 WL 1478206, at *11 (Del. Super. Mar. 30, 2015) (internal citations omitted).
[18] The time frame was reportedly two weeks after the parties' mother passed away, an event that occurred sometime around June 2014.
[19] *See Barker v. Huang*, 610 A.2d 1341 (Del. 1992).
[20] *Walker v. Parson*, 2016 WL 3130093, at *3 (Del. Super. Apr. 21, 2016) (internal citations omitted).

## CONCLUSION

For all the foregoing reasons, Defendant Sinina Talley's Motion for Judgment on the Pleadings is hereby **GRANTED**. Theresa's Complaint is dismissed with prejudice in its entirety.[21] Sinina's Counterclaim for harassment is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

---

[21] While dismissal for failure to comply with the 120 day rule for perfecting service would ordinarily be without prejudice, the Complaint fails with respect to its allegations against both Danny and Wendy and must therefore be dismissed with prejudice.